INGRAM, Presiding Judge.
Louise Lioce, lessor, brought an action against Kenneth and Mary Larue (lessees) for breach of a lease agreement. Both lessor and lessees filed motions for summary judgment and, after the trial court heard arguments on the motions, a judgment was entered in favor of the lessees. The lessor appeals.
The lessor contends that the lessees had renewed the lease agreement for another year and then breached the agreement when they moved out. The lessees argue, however, that they never renewed the lease because they never executed a new lease extension agreement and, therefore, did not breach the agreement.
In January 1986, the parties entered into a lease agreement, which, in part, is as follows:
“HI.
“TERM — The term of this lease shall be for one (1) year(s) commencing February 1, 1986, and ending January 31, 1987.”
“V.
“OPTIONS — Lessee shall have options to extend the term of this lease for one (1) additional period(s) of one (1) year(s) each, on the same covenants and conditions as herein provided, each of which options Lessee may exercise by giving Lessor notice at least forty-five (45) days prior to the expiration of the original term or the then-current extension period, as the case may be, provided that, rental for the option term shall be negotiated by the parties upon receipt of the notice to exercise the option. First year option cannot be escalated more than 8%.”
Pursuant to the above agreement, in November 1986 the lessees notified the lessor of their intent to exercise the lease extension option and to negotiate the lease rental for the next year. Subsequent to such notification, the parties negotiated a lease extension agreement dated January 20, 1987. The parties followed this same procedure again in November 1987 and, likewise, executed a new lease extension agreement for a one-year period terminating on January 31, 1989.
In November 1988, the lessees provided written notice of their intent to exercise the lease option for February 1989 to January 31, 1990. However, the parties never executed a new lease extension agreement. Subsequent to the written notice to the lessor, the parties had some discussion con *522 cerning a lease reduction. The parties then began negotiations concerning the sale of the property. From a review of the record, it appears that, once negotiations began concerning the purchase of the property, all discussions on the lease extension or rental arrangements ceased.
On February 7, 1989, the lessees met with the lessor and submitted an offer to purchase the premises along with a check for $5,000 representing earnest money. However, the sale was never consummated, and the lessees vacated the property on or about February 28, 1989.
As noted above, the trial court granted the lessees’ motion for summary judgment. Therefore, the trial court concluded as a matter of law that the lessees never renewed their lease and should not be held liable for any breach thereof.
The law is clear that a lease period may be extended by the actions of the parties. See Lott v. Douglas Oil Purchasing Co., 501 So.2d 1195 (Ala.1986); Reynolds v. Bryant, 281 Ala. 372, 202 So.2d 734 (1967). Here, however, the actions of the parties do not indicate an intent to extend the lease. The facts are undisputed that in the past a new lease extension agreement was executed by the parties prior to extending the lease. It is also undisputed that no new agreement was ever executed to extend the lease agreement beyond January 31, 1989. In fact, it appears that no new lease agreement was ever intended by either party, as negotiations for the sale of the property to the lessees were in progress. The only lease in effect expired January 31, 1989. However, the lessees were still in the process of attempting to purchase the property from the lessor and, therefore, remained in possession of the property and, likewise, paid the lessor rent for the month of February. When it became apparent that the sale would not occur, the lessees vacated the property. Clearly, there was no new agreement to extend the lease and the only reason the lessees remained in possession beyond the expiration of the lease was the pending sale negotiations.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.